```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
 UNITED STATES OF AMERICA        :
                                 :  PROTECTIVE ORDER
         - v. -                  :
                                 :  20 Cr. 234 (LAP)
 SHAWN LEWIS,                    :
    a/k/a "Dot,"                 :
                                 :
 STEFAN LEWIS,                   :
    a/k/a "Poo,"                 :
                                 :
 ROBERT LEWIS,                   :
    a/k/a "Bishop,"              :
                                 :
 COUNT COOKS,                    :
    a/k/a "CJay,"                :
                                 :
 DEVONTE FRANCIS,                :
    a/k/a "Dev," and             :
                                 :
 CHRISTOPHER BUTLER,             :
    a/k/a "Spot,"                :
                                 :
         Defendants.             :
- - - - - - - - - - - - - - - - x
```

Upon the application of the United States of America, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be

referred to herein as "disclosure material." The Government's disclosure material may include, as detailed below material that affects the privacy of individuals, and material that affects the safety of certain victims of the charged offenses.

2. **Sensitive Disclosure Material.** Discovery materials which contain information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein produced by the Government in this action pursuant to its discovery obligations are deemed "sensitive disclosure material," and will be labeled as such in the index produced with the discovery materials. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the sensitive disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. **Victim identities,** or identifying personal information, where possible, shall be redacted from disclosure material in order to protect the safety and privacy of the victims.

6. **Sensitive disclosure material** shall not be disclosed by defense counsel, including any successor counsel ("Defense Counsel") other than as set forth herein, and shall be used solely for purposes of defending this action:

    a. Defense Counsel shall not post any sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any sensitive disclosure material to the media or any third party except as set forth below.

    b. Sensitive disclosure material may be disclosed by Defense Counsel to the defendant for review in the presence of Defense Counsel for purposes related to this case. **The defendant shall not maintain, retain, or keep copies of any records containing sensitive**

3

**disclosure material outside of the presence of Defense Counsel.**

c. Sensitive disclosure material may be disclosed by Defense Counsel to the following persons (hereinafter "Designated Persons"):

   (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant=s attorney;

   (ii) independent expert witnesses, investigators or advisors retained by the defendant=s attorney in connection with this action;

   (iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant.

d. The defendants and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose sensitive disclosure material pursuant to paragraphs 6(c)(i), (ii), and (iii).  Designated Persons shall be subject to the terms of this Order.

    e. The Government may authorize, in writing, disclosure of sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. Certain highly sensitive disclosure material may be labeled "ATTORNEY'S EYES ONLY" or "AEO" and may be disclosed only to personnel for whose conduct counsel is responsible (not to the Defendants):

    a. Defense counsel and personnel for whose conduct counsel is responsible may communicate to defendants the contents of disclosure material labeled "AEO" but may not disclose to defendant any personal information (including name, address, phone number, and any identifiers specified in Rule 5.2 of the Federal Rules of Civil Procedure) contained in the AEO disclosure;

    b. Defense counsel may seek the Government's consent to modify any "AEO" designation; and

    c. Defense counsel may submit to the Court, *ex parte*, request to show AEO materials to Defendants under the same limitations set forth in paragraph 7 of this Order (governing sensitive disclosure material).  Defense counsel must cause notice to be given to the Government

5

if such an *ex parte* request is made (though need not disclose the substance of the request or any documents that are the subject of the request) and must cause notice to be given to the Government of whether the request is granted or denied.

8. Except for sensitive disclosure material that has been made part of the record of this case, Defense Counsel shall return to the Government or securely destroy or delete all sensitive disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. This Order does not prevent the disclosure of any sensitive disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. The provisions of this Order shall not

terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

[INTENTIONALLY LEFT BLANK]

10. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order. Defendants may also agree to be bound by this Order by confirming through Counsel, either on the record in Court or in writing to the U.S. Attorney's Office.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

BY: _____/s/_____    Date: May 26, 2019
Adam S. Hobson / Christopher Clore
Assistant United States Attorneys

BY: _Dawn M Florio_____    Date: 5/26/2020
Dawn Florio, Esq.
Attorney for STEFAN LEWIS

BY: _____    Date: _____
Louis Fasulo, Esq.
Attorney for ROBERT LEWIS

8

10. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.  Defendants may also agree to be bound by this Order by confirming through Counsel, either on the record in Court or in writing to the U.S. Attorney's Office.


AGREED AND CONSENTED TO:

    GEOFFREY S. BERMAN
    United States Attorney


BY: _____/s/_____    Date:   May 26, 2019
Adam S. Hobson / Christopher Clore
Assistant United States Attorneys



BY:_____    Date:  _____
_____
Dawn Florio, Esq.
Attorney for STEFAN LEWIS



BY: _____*[signature: Louis V. Fasulo]*_____    Date:   May 27, 2020
Louis Fasulo, Esq.
Attorney for ROBERT LEWIS

BY: *Lorraine GauliRufo*                                   Date: 5/26/2020
_____                              _____
_____
Lorraine Gauli-Rufo, Esq.
Attorney for CHRISTOPHER BUTLER

SO ORDERED:

Dated:  New York, New York
        May  27 , 2020
                                        *Loretta A. Preska*
                                        _____
                                        THE HONORABLE LORETTA A. PRESKA
                                        UNITED STATES DISTRICT JUDGE

9